UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

INDEPENDENCE CENTER NEWCO LLC
    Plaintiff(s)

CIVIL ACTION NO. 1:18-cv-10527-ADB

VS.

WAXY'S KINGSTON LLC D/B/A WAXY'S
    Defendant(s)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**

INTRODUCTION

The plaintiff, Independence Center Newco LLC ("Independence" or "plaintiff") submits this Memorandum of Law in support of its Motion to Dismiss Counterclaims. As ground for this motion, the plaintiff states that none of the three (3) counterclaims asserted by the defendant, Waxy's Kingston LLC ("Waxy's" or "defendant") states a claim on which relief can be granted and therefore the Court should dismiss them. As further grounds, the plaintiff states the following.

Independence and Waxy's are parties to a lease dated March 11, 2015 (the "Lease"), under which Waxy's leased premises owned by the plaintiff at the Independence Mall in Kingston, Massachusetts, wherein it operated a restaurant known as "Waxy's". Independence filed suit against Waxy's in Plymouth Superior Court, alleging that Waxy's had defaulted under the Lease, and seeking possession and monetary damages.[1] The defendant removed the suit to this Court and filed its answer to the complaint.

In addition to answering, the defendant asserted counterclaims for fraud in the inducement (Count I); negligent misrepresentation (Count II); and violation of M.G.L. c. 93A, § 11 (Count III). All of the counterclaims

---

[1] Prior to filing suit against Waxy's, Independence instituted suit against Waxy's three (3) principals, each of whom had personally guaranteed the Lease, Independence Center Newco LLC v. Ashok Patel, Paul McKenna and Mark Rohleder, Plymouth Superior Court - Brockton Civil Action No. NO.1783CV00706. That suit is pending in the Superior Court.

1

are predicated on allegations that the plaintiff's representatives made misrepresentations to the defendant's principals, thereby inducing the defendant to enter into the Lease. The defendant's counterclaims do not state any claim on which relief can be granted and should, therefore, be dismissed.

## ARGUMENT

Again, although the defendant asserts three (3) separate counterclaims, all three are based on the same allegations of fraudulent misrepresentation. The unambiguous terms of the Lease negotiated by the parties and signed by the defendant preclude any and all claims based on those allegations.

The Lease (attached to Doc. # 5-2) contains the following integration clause:

**23.16 - Complete Agreement**
This Lease contains and embraces the entire agreement between the parties hereto with respect to the matters contained herein, and it or any part of it may not be changed, altered, modified, limited, terminated, or extended orally or by any agreement between the parties unless such agreement is in writing and signed by the parties hereto, their legal representatives, successors or assigns. **Tenant acknowledges and agrees that neither Landlord nor any representative of Landlord nor any broker has made any representation to or agreement with Tenant relating to the Premises, this Lease or the Shopping Center which is not contained in the express terms of this Lease. Tenant acknowledges and agrees that Tenants execution and delivery of this Lease is based upon Tenants independent investigation and analysis of the business potential and expenses represented by this Lease, and Tenant hereby expressly waives any and all claims or defenses by Tenant against the enforcement of this Lease which are based upon allegations of representations, projections, estimates, understandings or agreements by Landlord or Landlord's representative that are not contained in the express terms of this Lease.** . . . (Emphasis added)

Thus, the defendant specifically acknowledged that no representative of the plaintiff had made any representations not contained in the written Lease and waived all claims and defenses based on allegations of representations. The exact same language has been deemed a "comprehensive integration clause" by a Massachusetts Superior Court, which found that a tenant's reliance on representations that conflicted with the lease language was unreasonable and could not support a claim of fraud in the inducement. Pizzeria Uno of Kingston, Inc. v. Independence Mall Group, 11 Mass.L.Rptr. 241, *2-6 (Mass.Super. July 13, 1995).

**Count I - Fraud in the Inducement**

In order to succeed on a claim of fraudulent inducement, Waxy's must show that the plaintiff made a false representation; that the plaintiff knew that the representation was false; that the plaintiff intended that Waxy's rely on the representation; that Waxy's did rely on the representation; and that Waxy's' reliance on the alleged misrepresentation was reasonable. Celtic Dev. Corp. v. F.D.I.C., 836 F. Supp. 926, 938–39 (D. Mass. 1993); Elias Brothers Restaurants, Inc. v. Acorn Enterprises, Inc., 831 F.Supp. 920, 922 (D.Mass.1993). Aside from questions of whether Independence made any false representation in order to induce Waxy's to enter into the Lease (which Independence expressly denies) and whether Waxy's relied on any oral representation, Count I fails because Waxy's cannot establish **reasonable** reliance. Id. "It is a sine qua non of the tort that a plaintiff's reliance be reasonable under the circumstances." Am.'s Growth Capital, LLC v. PFIP, LLC, 73 F. Supp. 3d 127, 151 (D. Mass. 2014); *citing* Collins v. Huculak, 57 Mass.App.Ct. 387, 391-392 (2003).

Where a contract contains an unambiguous integration clause disclaiming prior representations, Massachusetts federal courts have held that a claim for fraud based on prior representations fails as a matter of law, because the party claiming fraud cannot prove reasonable reliance. Celtic Dev., *supra* at 939; Elias, *supra* at 925-927. In light of the Lease's integration clause, Waxy's cannot establish that it reasonably relied on any alleged representations by the plaintiff's representatives. Waxy's has not stated a claim for fraud in the inducement, and Count I of the Counterclaim should be dismissed.

Waxy's claims that the plaintiff's representatives told Waxy's principals that new tenants were coming to the mall, and that Independence was going to make physical improvements to the mall. In addition to the fact that the alleged representations describe only non-actionable "opinions as to future events" or "puffing", Elias, *supra* at 926-927 (franchisor's representations as to future expansion of chain nothing more than puffing and trade talk "upon which no reasonable person would rely"), the terms of the Lease contradict those claims. First, the integration clause affirmatively states that the plaintiff made no representations not contained in the Lease; the

Lease contains no representations concerning future tenants or improvements to the mall itself by Independence.

Second, the Lease expressly addresses the work to be done by each party:

> 5.01 - Landlord's Work
> Prior to the Term Commencement Date, Landlord shall perform all items of "Landlord's Work," if any, described in Exhibit B attached hereto and made a part hereof, in accordance with the Outline Specifications set forth in Exhibit D attached hereto and made a part hereof. **Tenant agrees to accept the Premises in its "as is" condition on the date possession of the Premises is made available to Tenant without any express or implied warranty concerning the condition of the Premises by Landlord or its agents,** and agrees, at its sole cost and expense, to complete all improvements necessary to prepare the Premises for the conduct of Tenants business in the Premises in accordance with the Outline Specifications set forth in Exhibit D. Tenant represents, warrants and covenants that it shall build out the Premises in substantial conformance with plans approved by Landlord or Tenant shall be deemed in default of this Lease. In the event of default Landlord shall have the right to terminate this Lease, in addition to all other rights and remedies available to Landlord under applicable law or under this Lease. (Emphasis added)
>
> 6.02-Tenants Work
> (a) Prior to the Term Commencement Date, Tenant shall, at its sole cost and expense perform 'Tenants Work" described in Exhibit C attached hereto and made a part hereof, in accordance with the Outline Specifications set forth in Exhibit D. Any item of Tenants Work which Tenant requests Landlord to perform on the Tenants behalf and which Landlord agrees to undertake shall be provided to Tenant at Tenants additional cost plus ten percent (10%) for profit and eighteen percent (18%) for administration. Tenant acknowledges its ability to perform Tenants Work, and no delay in its performance shall cause or be deemed to cause any delay or postponement in the Term Commencement Date . . .

While Exhibit C to the Lease ("Tenant's Work") describes work to be performed by the tenant both inside and outside the Premises (including to the exterior and the entryways to Waxy's, contrary to the allegations in paragraphs 21 and 23 of the Counterclaim), Exhibit B ("Landlord's Work") reads:

> Landlord has no obligation to perform any work in connection with the build out of the Premises; without limiting the foregoing, Landlord shall have no obligation to construct any demising walls for the Premises. All work required to prepare the Premises for Tenant's use and occupancy shall be performed by Tenant at its sole cost and expense as part of Tenant's Work.

Had the parties agreed on additional work to be performed by Independence, they could have and should have included it in Exhibit C. They did not. The Lease creates no obligation for Independence to do anything to

4

upgrade the mall, and evidence of oral representations to the contrary is inadmissible. Linear Retail Danvers #1, LLC v. Casatova, LLC, No. CIV.A. 07-3147, 2008 WL 2415410, at *3 (Mass. Super. June 11, 2008).

By its own admission, Waxy's is part of the larger "Waxy's brand" that operates restaurants throughout New England and in Texas and Florida. (Counterclaim, ¶ 10). Waxy's is a limited liability company and Ashok Patel and Paul McKenna, the individuals to whom Independence allegedly made the representations in questions, are two of its principals. (Counterclaim, ¶¶ 1, 2, 12) The parties were in discussions about the Lease for least seven (7) months. Furthermore, Waxy's acknowledged, in the Lease, that it was represented by counsel and that the Lease was negotiated at arm's length, [2] as well as that the Lease embraced the entire agreement between the parties.

> [W]here, as here, sophisticated business people, represented by counsel, have negotiated and executed a complex written document touching on all significant aspects of their transaction, and have included an integration clause, we need not resort to their prior negotiations concerning the transaction at hand "to divine the intention of the parties on the question of integration." More than four months of negotiations followed from the time Shahbazi proposed the restructuring to the plaintiff until he executed and delivered the amended agreements. Had there been an omission of a refinancing contingency, "it was the responsibility of the borrower, which has not disclaimed having had the advice of competent counsel, to read the documents and remedy the omission before signing off on the papers." Realty Fin. Holdings, LLC v. KS Shiraz Manager, LLC, 86 Mass. App. Ct. 242, 248 (2014) (internal citations omitted).[3]

In the instant case, Waxy's and, presumably, its counsel, knew of the alleged issues concerning tenants and improvements and had ample time to negotiate concerning those issues, to add language reflecting any agreement to the Lease and to review the Lease to ensure that it conformed to their understanding. Neither their

---

[2] **23.24-Construction**. This Lease has been negotiated at arms length by both parties after advice by counsel or other representatives chosen by such parties. In the event of any controversy, dispute or contest over the meaning, interpretation, validity or enforceability of the Lease or any of its terms or conditions, the parties agree that the normal rules of construction, to the effect that any ambiguities are to be construed against the drafting party, shall not be employed in the interpretation of this Lease or any amendments or exhibits hereto.

[3] *Accord*, Turner v. Johnson & Johnson, 809 F.2d 90 (D. Mass. 986) ("Certainly in this case, where both parties were experienced in business and the contract was fully negotiated and voluntarily signed, plaintiffs may not raise as fraudulent any prior oral assertion inconsistent with a contract provision that specifically addressed the particular point at issue. . . . [A] knowledgeable buyer should not sign a contract that conflicts with his or her understanding of the agreement.")

failure to do so nor Waxy's apparent decision to sign the Lease without adding new terms is a basis for rejecting the executed document.

In light of the sophistication of its principals, its representation by counsel and the Lease's unambiguous integration clause, as well as the language concerning the Landlord's Work and Tenant's Work, Waxy's cannot establish that it reasonably relied on any alleged representations by the plaintiff's representatives.

Waxy's has not stated a claim for fraud in the inducement, and Count I of the Counterclaim should be dismissed.

### Count II – Negligent Misrepresentation[4]

In order to sustain a claim for negligent misrepresentation, Waxy's must show that Independence supplied false information to Waxy's; that Waxy's justifiably relied on the information, causing it to suffer pecuniary loss; and that Independence failed to exercise reasonable care or competence in obtaining or communicating the information. NPS, LLC v. Ambac Assur. Corp., 706 F. Supp. 2d 162, 178–79 (D. Mass. 2010); Golber v. BayBank Valley Trust Co., 46 Mass.App.Ct. 256 (1999).

Justifiable reliance is essential to a claim for negligent misrepresentation. Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 59–60 (2004). Although reliance is generally a fact question, courts have deemed reliance unreasonable as a matter of law, in some circumstances, such as when the alleged oral representation conflicts with the written document. *See, e.g.* Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 468 (2003) (unreasonable to rely on oral statements that conflicted with written quotation, where "[a]ll that was required of [the plaintiffs' representatives] was that they read the document to ascertain the obvious"); Sands v. Ridefilm Corp., 212 F.3d 657, 665 (1st Cir.2000) (summary judgment affirmed where "[i]t was

---

[4] Negligent misrepresentation does not provide an excuse from performance. NPS, LLC v. Ambac Assur. Corp., 706 F. Supp. 2d 162, 170 (D. Mass. 2010); Cherry v. Crispin, 346 Mass. 89 (1963).

6

unreasonable for the plaintiff to rely on the alleged oral representations because of the express written word"). Even if Waxy's could establish the other elements of its negligent misrepresentation claim, it cannot succeed because, as discussed in the previous section, Waxy's could not reasonably have relied on the alleged statements by Independence, given that they conflicted with the plain language of the Lease.

Courts are particularly likely to rule that a party's reliance was unreasonable where a contract has a valid integration clause; in such a case, claims of negligent misrepresentation are barred. NPS, LLC, *supra*; Linear Retail, *supra*, 2008 WL 2415410, at *4 ("The defendants argue Linear negligently misrepresented the extent to which Linear would improve the premises in order to better attract customers. The lease agreement in question here, however, contained an integration clause, which made it the final and complete agreement between the parties; any oral agreements or promises not contained within the agreement itself would be inoperable."), *citing*, Shawmut-Canton v. Great Spring Waters of America, Inc., 62 Mass.App.Ct. 330, 335 (2004); Sound Techniques, Inc. v. Hoffman, 50 Mass.App.Ct. 425, 433–434 (2000) ("no reasonable basis [existed] for ignoring the plain language of the merger clause, in which [the plaintiff] agreed that it was entering into the contract free from influence by or in reliance upon any representations other than those set out in the contract").

Consequently, Count II of the Counterclaim does not make out a claim upon which relief can be granted, and should be dismissed.

**Count III – Chapter 93A**

Finally, where a party fails to plead any actionable misrepresentation, a c. 93A claim based on the same factual allegations will also fail. NPS, *supra* at 179-180 Zuckerman v. McDonald's Corp. 35 F. Supp.2d 135, 147 (D. Mass. 1999). Count III of the Counterclaim should be dismissed.

CONCLUSION

For all the forgoing reasons, the plaintiff prays this Honorable Court for an order dismissing the defendant's counterclaims in their entirety.

INDEPENDENCE CENTER NEWCO LLC
By its attorneys

*/s/ Margaret R. Suuberg*
THOMAS B. FARREY, III/BBO# 159880
BROOKE P. SELIGER/BBO# 550947
MARGARET R. SUUBERG/BBO#544588
Burns & Farrey, P.C.
446 Main Street, 22nd Floor
Worcester, Massachusetts 01608
Telephone 508-756-6288
Email: farrey@burnsandfarrey.com
      seliger@burnsandfarrey.com
      suuberg@bursnandfarrey.com

## CERTIFICATE OF SERVICE

I, MARGARET R. SUUBERG, hereby certify under the pains and penalties of perjury that I have this day electronically filed the attached document with the United States District Court.

*/s/ MARGARET R. SUUBERG*

Dated: May 7, 2018
MRS/cg
(0000PY-0124 cp# 137)

8