UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDEPENDENCE CENTER NEWCO LLC, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 18-cv-10527-ADB |
| WAXY'S KINGSTON LLC, | * |
| Defendant. | * |

## MEMORANDUM AND ORDER DENYING MOTION TO DISMISS

BURROUGHS, D.J.

This case was removed from Plymouth Superior Court to this Court on March 20, 2018. [ECF No. 1]. Defendant filed its amended answer, which included three counterclaims, on April 17, 2018 [ECF No. 10], and Plaintiff filed a motion to dismiss all of the counterclaims on May 7, 2018 [ECF No. 13]. At the scheduling conference on May 16, 2018, the Court denied the motion to dismiss the counterclaims for the following reasons.

Counterclaim Count I is a claim for fraud in the inducement. Plaintiff argues that this claim must be dismissed because the contract at issue states that Defendant agreed to accept the premises "as is" and that Plaintiff had no obligation to do any additional work on the premises. Plaintiff further claims that the contract includes an integration clause which effectively bars a claim for fraud in the inducement. Massachusetts courts have repeatedly made clear, however, that "in cases of fraudulent inducement, relief is not barred by an integration clause, even where the parties are sophisticated and their bargaining powers are equal." Shawmut-Canton LLC v. Great Spring Waters of Am., Inc., 816 N.E.2d 545, 549 (Mass. App. Ct. 2004) (citing Bates v. Southgate, 31 N.E.2d 551, 558–59 (Mass. 1941)). See also Greenleaf Arms Realty Tr. I, LLC v.

New Boston Fund, Inc., 962 N.E.2d 221, 228 (Mass. App. Ct. 2012) ("A party to a contract with another cannot claim shelter by a contractual device, such as an exculpatory or merger provision, against claims of [fraud]."); Billingham v. Dornemann, 771 N.E.2d 166, 173 (Mass. App. Ct. 2002) ("settled rule of law" that integration clause does not bar fraud claim (quotation marks and citation omitted)); Sound Techniques, Inc. v. Hoffman, 737 N.E.2d 920, 924 (Mass. App. Ct. 2000) (same). Thus, no contractual provision can bar Defendant's fraud in the inducement claim.

Counterclaim Count II is a claim for negligent misrepresentation. Plaintiff also relies on the integration clause in the contract to argue that this claim should be dismissed. Unlike the claim for fraud in the inducement, this issue presents a closer question. The Massachusetts Supreme Judicial Court has explained that the determination as to whether "a plaintiff's reliance on oral statements in light of contrary written statements is unreasonable as a matter of law" is usually made "only after some record has been established on a motion for summary judgment or after a trial." Marram v. Kobrick Offshore Fund, Ltd., 809 N.E.2d 1017, 1031 (Mass. 2004). "[B]ecause reliance is an issue of fact, courts should not dismiss claims of negligent misrepresentation solely on the basis of an integration clause because 'without any factual record developed through discovery, [courts] cannot conclude that, as a matter of law, no factual scenario exists under which the plaintiff might establish a claim of negligent misrepresentation [despite the merger clause].'" Computer Sales Int'l, Inc. v. Lycos, Inc., No. 05-cv-10017 RWZ, 2005 WL 3307507, at *5 (D. Mass. Dec. 6, 2005) (quoting Marram, 809 N.E.2d at 1031–32). "Thus, although the merger clause may ultimately bar [the] negligent misrepresentation claim, dismissal solely on the basis of the merger clause would be inappropriate." Id. (citation omitted). While some courts have held otherwise, the weight of authority favors allowing such claims to proceed to discovery. Furthermore, because this case will move forward on other counts,

defending against an additional counterclaim will not be unduly burdensome to Plaintiff.

Finally, Counterclaim Count III asserts a violation of Mass. Gen. Laws ch. 93A, § 11. Plaintiff bases its argument for dismissal of the Chapter 93A claim on its rationale for dismissal of the first two claims. Since the Court has determined that Counts I and II will be allowed to proceed, Plaintiff's argument for dismissal of Count III necessarily fails. Even if the Court had granted dismissal of Count I and II, however, proving a claim for misrepresentation in violation of Chapter 93A can involve different elements than those at issue for a misrepresentation tort claim, and the 93A claim might be viable even in the absence of a contractual violation. Thus, there is no apparent basis for dismissing the 93A claim at this stage of the case.

Accordingly, Plaintiff's motion to dismiss the counterclaims [ECF No. 13] is <u>DENIED</u>.

**SO ORDERED.**

May 17, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE